101104
PRB:gk/dg

2011 OCT 21  PM 3:12

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
TOLEDO

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TOLEDO, OHIO

New Sensations, Inc.,

      Plaintiff,

v.

Does 1-1474,

      Defendants.

Case No. 3 : 1 1 M C  9 4 _ .

In re: Subpoenas Issued in Litigation
Pending in the Northern District of
California Case No. CV-11-2770-MEJ

# JUDGE DAVID A. KATZ

## INTERESTED NON-PARTY BUCKEYE CABLESYSTEM'S MOTION TO
## QUASH SUBPOENAS TO PRODUCE DOCUMENTS AND FOR SANCTIONS

Non-party Buckeye CableSystem ("Buckeye"), by and through counsel,
moves to quash two subpoenas issued through this court by attorney Ira Siegel
respecting two separate cases currently pending in the Northern District of
California. The cases have been filed separately but request identical relief.

In the first of those cases Mr. Siegel has sued 2,590 anonymous John
Doe defendants on behalf of Patrick Collins Inc. for alleged copyright
infringement respecting a film entitled "Real Female Orgasms 10". In the
second case, Mr. Siegel has sued 1474 John Doe defendants on behalf of New
Sensations Inc. for alleged copyright infringement of a film called "Big Bang
Theory: A XXX Parody". The subpoenas emanating from those cases are

attached as Exhibits A and B.   Efforts between counsel to resolve issues pertaining to these subpoenas have been unsuccessful.

Each subpoena demands that Buckeye produce to Mr. Siegel's office in Beverly Hills, California the names, addresses, email addresses and media control and other information respecting a number of IP addresses of purported Buckeye customers. Buckeye moves to quash these subpoenas because  they are procedurally defective, because they emanate from litigation in which Buckeye customers have been improperly joined as defendants and because they violate significant First Amendment protections afforded internet users. The reasons and authorities in support of this motion are stated in the accompanying memorandum.

Respectfully submitted,

Paul R. Bonfiglio
Attorney for Buckeye CableSystem

## I.    BACKGROUND

The attached subpoenas are only the latest offshoot of numerous lawsuits which have been filed across the country to combat online file sharing of pornographic videos. Plaintiffs in these cases typically join literally thousands of anonymous John Doe defendants in a single case with seemingly little if any regard given to fundamental questions of jurisdiction, venue and privacy. While ostensibly asserting copyright infringement, many of these

lawsuits are little more than collection efforts intended to force previously anonymous John Doe defendants to either appear in far flung jurisdictions to defend themselves or pay a fixed settlement amount to avoid that expense and embarrassment. One federal judge aptly summarized the process in this fashion:

> As a common tactic, plaintiffs in file sharing litigation routinely ask courts to authorize preconference discovery of unknown Does' identities via subpoenas directed at ISPs. Once the plaintiffs obtain that information, they send the Does demand letters, usually offering early settlement as a prelude to formal litigation against the Does as named defendants. In more than a few cases, the allegations against the Does turned out to be false.

See, *Mick Haig Productions v. Does 1-670*, USDC Northern Dist. of Texas, Case No. 3:10-CV-1900 N, Order Granting Motion for Sanctions, attached hereto as Exhibit C.

Not surprisingly, many federal courts have refused to countenance this practice. These courts have ordered all but a single defendant severed from the thousands of improperly joined defendants and have correspondingly ordered the subpoenas issued under the guise of preconference discovery to be quashed. In a few instances, those courts have taken the extraordinary step of ordering plaintiff's counsel to deliver to each defendant who was improperly joined a letter advising that the case from which the subpoena issued had been dismissed. See, e.g. *Millenium TGA Inc. v Does 1-100,* USDC Northern District of Texas, Case No. 1:10-cv-05603 (attached as Exhibit D).

Indeed, one such order was directed specifically to Mr. Siegel – plaintiff's attorney in this case – in conjunction with an order from <u>same</u> federal court in

California overseeing Mr. Siegel's current cases. That court dismissed Mr. Siegel's complaint against all but one of 5011 defendants and ordered that Mr. Siegel advise each of the improperly joined defendants that their case had been dismissed. See *On the Cheap v. Does 1-5011*, USDC, Northern District of California Case No. C10-4472 BZ (letter and order attached as Exhibit E).

As is more fully discussed below, the same reasoning evidenced in those and other cases applies with equal force to the facts of this case, and Mr. Siegel's attempts to use this Court to obtain that same type of information and for the same improper purpose already rejected by those and other courts should be denied.

## II.  ARGUMENT

### A.  The subpoenas are procedurally defective as they violate the provisions of Civil Rule 45

Civ.R. 45(c)(3) provides as follows:

(3) *Quashing or modifying a subpoena.*  (A) When required.  On timely motion, the issuing court must quash or modify a subpoena that:

(i)  fails to allow a reasonable time to comply;

(ii)  requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person – except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii)  requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(v)  subjects a person to undue burden.

At least three of those provisions apply to warrant this Court to quash these subpoenas. First, it is obvious that Buckeye transacts business in northwest Ohio and southeast Michigan. The subpoenas on their face demand that Buckeye produce documents and identifying information to the law offices of Ira Siegel in Beverly Hills, California. Clearly, that demand is contrary to the 100 mile provision of Civ.R. 45 and warrants this Court to quash those subpoenas on that basis alone.

Moreover, the subpoenas improperly seek the private information of Buckeye customers without first addressing the qualified privilege afforded to internet users (see below). And finally, the subpoenas would pose undue burdens on Buckeye and its customers by forcing them to appear and defend litigation in which they have been improperly joined as defendants. This court should accordingly quash those subpoenas.

**B.  The subpoenas are improper because those subpoenas emanate from cases in which Buckeye customers have been improperly joined as party defendants.**

Even the most cursory review of the complaints from which these subpoenas are issued reveals significant jurisdictional and joinder deficiencies. In order to assert personal jurisdiction over a non-consenting, non-resident defendant, Mr. Siegel must obviously demonstrate that Buckeye and its customers have minimum contacts with the California forum so that requiring them to defend in California does not offend traditional notions of fair play and substantial justice. See, *International Shoe Company v. Washington*, 326 U.S. 310 (1945); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985). Mr. Siegel

5

has not and cannot meet that burden. In fact, he has produced no explanation or facts to support jurisdiction over <u>any</u> Ohio persons or companies, particularly with respect to a subpoena which could only have as its intended result forcing an Ohio resident to appear and defend a potential lawsuit in California.

In addition, ample resources exist that permit plaintiff's counsel to more particularly identify which if any among the various IP addresses he seeks to identify are in fact California residents and which are Ohio residents who reside far beyond the jurisdictional reach of a California court. <u>See</u> *Combat Zone Inc. v Does 1-1037,* U.S. District Court, Northern District of West Virginia, Opinion of Judge Preston Bailey at 5 (attached as Exhibit F) (a simple Google search can determine physical location of an IP address).

Indeed, Mr. Siegel's subpoenas issue from the precise type of factual and procedural context that federal courts have <u>already</u> invalidated. As is seen in the attached exhibits, more and more federal courts have cited the joinder requisites of Rule 20 (A)(2) in holding that joinder of thousands of John Doe defendants in these types of cases are improper given the lack of the jurisdictional allegations and foundation, the lack of any commonality among the joined defendants and the vast practical problems posed by joining thousands of individual defendants. See *Millenium TGA v. Doe, supra; CP Productions Inc v. Does 1-300,* USDC Northern District of Illinois, Case No. 10 C 6255 (attached as Ex. G); *LFP Internet Group v. Does 1-319,* USDC Northern District, Texas, Case No. 10-cv-2094-F (attached as Ex. H); *Combat Zone Inc. v.*

6

*Does 101037, supra*; *VPR Internationale v. Does 1-1017*, USDC Central District, Illinois, Case. No. 11-2068 (attached as Exhibit I); *Patrick Collins v. Does 1-118*, USDC Northern District of West Virginia, Case No. 3:10-cv-92 (attached as Exhibit J); *On the Cheap v. Does 1-5011, supra (*attached hereto as Exhibit E).

The *On the Cheap* case is particularly instructive as that case involves virtually the same issues, the same facts , and indeed the <u>same lawyer</u> as this case. Like the litigation underlying these subpoenas, that case also emanates from the Northern District of California.

In that case, the court noted that Mr. Siegel premised joinder on his contention that the Doe defendants were acting in concert by using BitTorrent or other peer-to-peer software to infringe the copyright laws. See, *On the Cheap* Order at 3. Even though Judge Zimmerman had originally granted Mr. Siegel's motion for expedited discovery to permit the same type of subpoenas issued herein, Judge Zimmerman ultimately ruled that joinder could not be based under the federal rules on the mere allegation that defendants had used the same BitTorrent technology to download a film. <u>Id</u>.

Judge Zimmerman also determined that even <u>if</u> Rule 20 had otherwise been met, joinder was <u>still</u> improper under the court's discretionary authority of FRCP 20(b) and FRCP 21 because joining thousands of otherwise disparate defendants would create a logistical and judicial case management nightmare in that the claims and defenses of each defendant would involve differing defenses, differing legal theories, differing evidence, and differing factual inquiries. <u>Id</u>. Finally, after ruling that Mr. Siegel's action filed against some

7

5011 defendants be severed as to all except one defendant, the court also ruled that Mr. Siegel personally advise each of the John Does that their case has been dismissed. See, *On the Cheap v. Does 1-5011,* attached as Exhibit E.

Notwithstanding that order, Mr. Siegel has decided to now try the same tactics in this court. The identical reasons still apply, however, to warrant an identical result—including an order quashing these subpoenas. Indeed, the Northern District of West Virginia recently issued such an order against one of same plaintiffs which now, like Mr. Siegel, has decided to try its luck in this court. See, *Patrick Collins v. Does 1 through 118,* attached as exhibit J.

All told, the same jurisdictional defects which have so troubled these courts are present in this case. Plaintiffs make no allegation of commonality as between the thousands of joined defendants in both these cases apart from their contention that someone downloaded the same film using the same or similar file sharing technology. As explained above, that contention can not support joining over 4000 defendants in two separate cases in a venue and in a jurisdiction that are wildly improper.

Moreover, the exhibits attached to Plaintiff's complaint show that these subpoenas are directed to John Doe defendants living far beyond the territorial boundaries of the Northern District of California. Ample technology exists for plaintiffs to ascertain which of the proposed defendants in fact reside in California, and which should be sued in Ohio. Requiring Buckeye to forward at this point the identifying information counsel seeks will have the improper result of forcing defendants residing in Northwest Ohio and Southeast

Michigan to participate in litigation in which they have been improperly joined as defendants and in a forum in which jurisdiction and venue are improper. At a minimum, those circumstances demonstrate under hardship under Civ.R. 45. Accordingly, and given the further defects of both the subpoenas and the litigation from which they issue, this court should quash those subpoenas.

    **C.    In addition to the procedural deficiencies mentioned above the attached subpoenas should also be quashed because they fail to satisfy the fundamental protections afforded by the First Amendment.**

Finally, the subpoenas should be quashed as Mr. Stone fails to demonstrate facts to overcome the qualified privilege afforded anonymous speech in this context under the First Amendment. There is no question that the First Amendment protects the right to anonymous speech in a number of different contexts including internet message boards and video-sharing sites. *See McIntyre v. Ohio Elections Comm'n.,* 514 U.S. 334, 357 (1995); *Reno v. ACLU,* 521 U.S. 844, 870 (1997); *Doe v. 2themart.com,* 140 F.Supp. 2d 1088, 1092 (W.D. Wash 2001). Given the fundamental rights to free speech protected by the First Amendment, an individual's right to anonymity is typically afforded a qualified privilege, and a trial court must balance a citizen's right to privacy with any articulated and demonstrated needs of the entity seeking to "unmask" the user. See *Grandbouche v. Clancy,* 825 F.2d. 1463, 1466 (Tenth Circuit, 1987).

No such analysis was permitted nor yet undertaken in the Northern District of California. Indeed, no adversarial proceedings of any type addressing either those concerns or the fundamental jurisdictional and venue issues have

been held before that tribunal. Given the troubling defects described above and the legitimate First Amendment concerns afforded Buckeye's customers, this Court should quash the attached subpoenas—at least until such time as jurisdiction, venue and all First Amendment concerns have been addressed in the court overseeing the underlying litigation.

> **D.** **Counsel's issuance of the attached subpoenas knowing that the same federal court overseeing his ongoing litigation had already rejected similar efforts in earlier litigation warrants sanctions.**

Attorneys issue subpoenas in their role as officers of the court. In exchange for this formidable power attorneys must take reasonable steps to ensure the subpoenas they issue are valid and do not impose undue burdens on the targets of their subpoenas. See, e.g., *Mick Haig Productions, supra* and Exhibit C attached at 8-12. Mr. Siegel in this case requests the same relief which has already been rejected by the same court (albeit a different judge) in which his current litigation is now pending. Because the litigation he filed in that case was ordered dismissed as to all but one defendant, and because all subpoenas he issued in that case were ordered quashed, and because no discernable basis has been alleged to distinguish those subpoenas from these, Mr. Siegel's decision to ask this tribunal to do what The Northern District of California has already rejected warrants sanctions.

Accordingly, this court should order Mr. Siegel reimburse Buckeye its reasonable costs and attorneys fees in bringing this motion.

### III.   CONCLUSION

For all the foregoing reasons, the attached subpoenas should be quashed and this Court should order sanctions in an amount as will be demonstrated at hearing.

Respectfully submitted,

_____

Paul R. Bonfiglio
Attorney for Buckeye Cablesystem

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **Motion to Quash Subpoenas and for Sanctions** has been sent on this 21st day of October, 2011 by regular U.S. Mail and email to: Ira M. Siegel, Esq., (subpoena@irasiegellaw.com), 433 N. Camden Drive, Suite 970, Beverly Hills, CA 90210, attorney for Plaintiff.

_____

Paul R. Bonfiglio