
**DEFENDANT'S EXHIBIT A**

# LAW OFFICES OF IRA M. SIEGEL
### Intellectual Property Protection & Enforcement
### Patent, Trademark And Copyright Law

**Please note:** The attached subpoena is being re-served because of an amended order by Judge Maria-Elena James adding paragraph 8, authorized disclosure of personally identifiable information under 47 U.S.C. 551. All other data is consistent with the original subpoena served.

September 27, 2011

Custodian of Records
Buckeye Cablevision
5555 Airport Highway, Suite 110
Toledo, OH 43615

RE: Subpoena to Produce Documents, Civil Action No. CV-11-2766-MEJ
Patrick Collins, Inc. v. DOES 1-2590

Dear Custodian of Records:

Pursuant of civil action CV-11-2766-MEJ, Patrick Collins, Inc. v. DOES 1-2590, currently in progress, it is requested that you please comply with the attached subpoena.

It is further requested that, rather than physically producing the documents at the place identified in the subpoena, you please instead electronically furnish the names, addresses, telephone numbers, and email addresses of subscribers assigned the IP addresses contained in Attachment A via email to subpoena@irasiegellaw.com in csv, xls, xlsx, or xml format. We will consider your doing that to be in compliance with the subpoena.

### PLEASE RETURN RECORDS IN CSV, XLS, XLSX, OR XML FORMAT TO
### subpoena@irasiegellaw.com

If you prefer to receive an electronic copy of Attachment A in csv, xls, xlsx, or xml format, please contact us via phone or email and we will promptly supply it.

Please note that your compliance may require multiple steps pursuant to the Court Order that is included with the Subpoena. Please see paragraphs 4 and 5 of the Order. You must complete, at minimum, the first step by **October 21, 2011.**

Thank you for your assistance. Please feel free to contact us with any questions.

Yours truly,

*Ira M. Siegel*

Ira M. Siegel

---

433 N. Camden Drive, Suite 970, Beverly Hills, CA 90210
Tel: 888-406-1004 | Fax: 888-406-8732 | Email: subpoena@irasiegellaw.com

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Ohio

| Patrick Collins, Inc. | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. CV-11-2766-MEJ |
| | ) | |
| DOES 1-2590 | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Northern District of California ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Custodian of Records, Buckeye Cablevision (hereinafter "ISP")
5555 Airport Highway, Suite 110, Toledo, OH 43615

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

Documents sufficient to identify the names, addresses, telephone numbers, and email addresses of ISP's subscribers assigned the IP addresses identified on Attachment A on the corresponding dates at the corresponding times. You are to comply with this subpoena pursuant to the terms set forth in the Order attached hereto as Attachment B.

| Place: Law Offices of Ira M. Siegel | Date and Time: |
|---|---|
| 433 N. Camden Drive, Suite 970 | |
| Beverly Hills, CA 90210 | November 30, 2011 at 9:00 a.m. ✱ |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

✱ Compliance with this subpoena may be a multi-step process pursuant to the Order attached (Attachment B). At least the first step should be completed by October 21, 2011, with all steps completed by the date set forth under "Date and Time" above: November 30, 2011. (See paragraphs 4 and 5 of the Order.)

Date: September 27, 2011

*CLERK OF COURT*      OR     /s/ Ira M. Siegel

_____      _____
*Signature of Clerk or Deputy Clerk*      *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
Patrick Collins, Inc. _____, who issues or requests this subpoena, are:
Ira M. Siegel, Law Offices of Ira M. Siegel, 433 N. Camden Drive, Suite 970, Beverly Hills, CA 90210, Email: subpoena@irasiegellaw.com, Telephone: 888-406-1004

# ATTACHMENT A

Table of Last-Observed Infringements by Defendants of Copyrights in Listed Motion Pictures that Are the Subject of Patrick Collins, Inc.'s Listed Copyright Registrations

| Doe # | ID | Internet Protocol Address (IP) | Internet Service Provider (ISP) | Motion Picture Title / Copyright Registration Number | Timestamp (U.S. Eastern Time) | Protocol |
|---|---|---|---|---|---|---|
| Doe 732 | 3270676 | 24.52.71.42 | Buckeye Cablevision | Real Female Orgasms 10 / PA0001644413 | 2011-02-26 18:24:15 -0500 | BitTorrent |
| Doe 733 | 2028091 | 24.53.164.108 | Buckeye Cablevision | Real Female Orgasms 10 / PA0001644413 | 2010-12-11 13:58:18 -0500 | BitTorrent |
| Doe 1694 | 4252583 | 72.240.129.217 | Buckeye Cablevision | Real Female Orgasms 10 / PA0001644413 | 2011-04-22 13:04:43 -0400 | BitTorrent |
| Doe 1695 | 2324773 | 72.240.139.140 | Buckeye Cablevision | Real Female Orgasms 10 / PA0001644413 | 2010-12-31 00:59:29 -0500 | BitTorrent |
| Doe 1696 | 2661150 | 72.240.64.152 | Buckeye Cablevision | Real Female Orgasms 10 / PA0001644413 | 2011-01-19 15:38:11 -0500 | BitTorrent |
| Doe 1697 | 3933174 | 72.241.214.2 | Buckeye Cablevision | Real Female Orgasms 10 / PA0001644413 | 2011-04-04 22:33:46 -0400 | BitTorrent |
| Doe 1698 | 4201837 | 72.241.235.91 | Buckeye Cablevision | Real Female Orgasms 10 / PA0001644413 | 2011-04-20 00:46:07 -0400 | BitTorrent |

09/27/2011 12:42 Case: 3:11-mc-00094-DAK Doc #: 1-1 Filed: 10/21/11 4 of 17. PageID #: 15
TO:+1 (419) 7247074  FROM:3106843771  Page: 5

Case3:11-cv-02766-MEJ Document12 Filed09/22/11 Page1 of 12

**ATTACHMENT B**

Ira M. Siegel, Cal. State Bar No. 78142
email address: irasiegel@earthlink.net
LAW OFFICES OF IRA M. SIEGEL
433 N. Camden Drive, Suite 970
Beverly Hills, California 90210-4426
Tel:  310-435-7656
Fax:  310-657-2187

Attorney for Plaintiff Patrick Collins, Inc.

# UNITED STATES DISTRICT COURT

## Northern District of California

## San Francisco Division

| | |
|---|---|
| PATRICK COLLINS, INC., <br><br>   Plaintiff,<br> v. <br> DOES 1-2,590, <br><br>   Defendants. | No. C 11-2766 MEJ <br><br> (Proposed) AMENDED ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR LEAVE TO TAKE LIMITED EXPEDITED DISCOVERY |

This Order amends and replaces the Order issued by the Court on August 24, 2011 (Dkt. No. 8).

### I. INTRODUCTION

Plaintiff Patrick Collins, Inc. ("Plaintiff") has filed an *ex parte* Application pursuant to Federal Rules of Civil Procedure 26 and 45, requesting leave to take expedited discovery to determine the identity of 2,590 Doe Defendants (collectively, "Defendants") named in this action. Dkt. No. 5 ("Pl.'s App."). For the reasons provided below, the Court GRANTS Plaintiff's Application.

### II. BACKGROUND

On June 7, 2011, Plaintiff filed this lawsuit against 2,590 Doe Defendants, alleging that Defendants illegally reproduced and distributed a work subject to Plaintiff's exclusive license, ("*Real Female Orgasms 10*"), using an internet peer-to-peer ("P2P") file sharing network known

(Proposed) Amended Order Granting Plaintiff's Ex Parte   1
Application for Leave to Take Limited Expedited Discovery-Case No. CV 11-2766 MEJ

Attachment B - Page 1 of 12

as BitTorrent, and thereby violated the Copyright Act, 17 U.S.C. § 101-1322. Compl. ¶¶ 6-15, Dkt. No. 1. Plaintiff alleges that because the alleged infringement occurred on the Internet, Defendants acted under the guise of their Internet Protocol ("IP") addresses rather than their real names. *Id.* at ¶ 10; Pl.'s App. at 3. As a result, Plaintiff contends that it cannot determine Defendants' true identities without procuring the information from Defendants' respective Internet Service Providers ("ISPs"), which can link the IP addresses to a real individual or entity. Pl.'s App. at 3. Consequently, Plaintiff asks the Court to grant it expedited discovery to issue subpoenas to the relevant ISPs so that the ISPs will produce the name, address, telephone number, and email address for each Defendant. *Id.* at 25.

### III. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure ("Rule") 26(d)(1), a court may authorize early discovery before the Rule 26(f) conference for the parties' convenience and in the interest of justice. Courts within the Ninth Circuit generally use a "good cause" standard to determine whether to permit such discovery. *See, e.g., Apple Inc. v. Samsung Electronics Co., Ltd.*, 2011 WL 1938154, at *1 (N.D. Cal. May 18, 2011); *Semitool, Inc. v. Tokyo Electron America, Inc.* 208 F.R.D. 273, 276 (N.D. Cal. 2002). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool*, 208 F.R.D. at 276. The court must perform this evaluation in light of "the entirety of the record . . . and [examine] the reasonableness of the request in light of all the surrounding circumstances." *Id.* at 275 (citation & quotation marks omitted). In determining whether there is good cause to allow expedited discovery to identify anonymous internet users named as doe defendants, courts consider whether: (1) the plaintiff can identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court; (2) the plaintiff has identified all previous steps taken to locate the elusive defendant; (3) the plaintiff's suit against defendant could withstand a motion to dismiss; and (4) the plaintiff has demonstrated that there is reasonable likelihood of being able to identify the defendant through discovery such that service of process would be possible. *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999).

09/27/2011 12:42 p  Case: 3:11-mc-00094-DAK  Doc #: 1-1 Filed: 10/21/11 6 of 17.  PageID #: 17
TO:+1 (419) 7247074  FROM:3106845771  Page: 7

Case3:11-cv-02766-MEJ Document12 Filed09/22/11 Page3 of 12

## IV. DISCUSSION

### A. Whether Plaintiff has Identified the Defendants with Sufficient Specificity

Under the first factor, the Court must examine whether Plaintiff has identified the Defendants with sufficient specificity, demonstrating that each Defendant is a real person or entity who would be subject to jurisdiction in this Court. *See id.* at 578. Here, Plaintiff proffers that it retained Copyright Enforcement Group, LLC ("CEG"), which utilized forensic software to identify Defendants' IP addresses on the date and time that they engaged in the alleged distribution of *Real Female Orgasms 10* via the BitTorrent protocol, and has compiled the information into a log attached as Exhibit A to Plaintiff's Complaint. Pl.'s App. at 9; Decl. of Jon Nicolini ¶¶ 10-16, Dkt. No. 5-1. Plaintiff explains that Defendants gained access to the Internet only by setting up an account through various ISPs, and that by providing the ISPs the information detailed in Exhibit A, the ISPs can look up the Defendants' identities by reviewing their respective subscriber activity logs. Nicolini Decl. ¶¶ 18-20. Thus, the Court finds that Plaintiff has come forward with sufficient information demonstrating that the Defendants are real persons or entities who may be sued in federal court. *See MCGIP, LLC v. Does 1-149*, 2011 WL 3607666, at *2 (N.D. Cal. Aug. 15, 2011) (finding that the plaintiff had identified the Doe defendants with sufficient specificity by submitting a chart listing each of the defendants by the IP address assigned to them on the day it alleged the particular defendant engaged in the infringing conduct).

### B. Whether Plaintiff has Identified All Previous Steps to Locate Defendants

Under the second factor, the Court must assess the prior steps Plaintiff has taken to locate the Defendants. *See Columbia Ins. Co.*, 185 F.R.D. at 579. "This element is aimed at ensuring that plaintiffs make a good faith effort to comply with the requirements of service of process and specifically identifying defendants." *Id.* Here, Plaintiff contends that it has exhausted all possible means to find the Defendants' names, addresses, phone numbers, and email addresses. Pl.'s App. at 9. In support, Plaintiff cites to paragraphs 18 through 20 of Mr. Nicolini's Declaration. *Id.* Reviewing Mr. Nicolini's testimony, he states CEG's System inspects file-sharing networks for computers that are distributing at least a substantial portion of a copy of a copyrighted work

(Proposed) Amended Order Granting Plaintiff's Ex Parte  3
Application for Leave to Take Limited Expedited Discovery-Case No. CV 11-2766 MEJ

Attachment B - Page 3 of 12

1  owned by Plaintiff, and when CEG finds such a computer, CEG's System also collects publicly
2  accessible information, including the time and date the infringer was found, the IP address
3  assigned to the infringer's computer, the size of the accused file, and the name of the ISP having
4  control of the IP address. Nicolini Decl. ¶ 18. Mr. Nicolini states that, because of the partially
5  anonymous nature of the P2P Internet distribution system used by Defendants, CEG is unable to
6  determine their true names, street addresses, telephone numbers, and email addresses. *Id.*
7  First, to locate swarms[1] where peers were distributing *Real Female Orgasms 10*, CEG
8  utilizes its data collection system to find digital files on the Internet that have the same title as the
9  copyrighted work. *Id.* ¶¶ 11, 14. Mr. Nicolini states that, in this case, the P2P network on which
10 CEG found unauthorized distribution of *Real Female Orgasms 10* was a BitTorrent network. *Id.*
11 ¶ 16. CEG then downloads a full copy of the file, which is then forwarded to a two-stage
12 verification computer process and identified by two people. *Id.* ¶ 17. The process compares the
13 digital data in the suspect file with digital data in a digital copy of the motion picture obtained
14 from Plaintiff. *Id.* If the suspect file matches the authorized file, then the two people play the
15 suspect file and watch the motion picture. *Id.* If both people confirm that a substantial portion of
16 the motion picture in the suspect file is substantially the same as a corresponding portion of *Real*
17 *Female Orgasms 10*, then particular unique data (often referred to as metadata) in the suspect file
18 is noted by CEG's System, and the System searches for additional computers on P2P networks
19 that have the same suspect file. *Id.*
20 After locating and inspecting computers that are distributing at least a substantial portion
21 of a copy of *Real Female Orgasms 10*, Mr. Nicolini states that CEG's System collects (a) the
22 time and date the infringer was found, (b) the time(s) and date(s) when a portion of the accused
23 file was downloaded successfully to the accused infringer's computer, (c) the time and date the

---

[1] P2P networks distribute infringing copies of copyrighted works with file sharing software such as BitTorrent when one user accesses the Internet through an ISP and intentionally makes a digital file of a work available to the public from his or her computer. Nicolini Decl. ¶ 6. This file is referred to as the first "seed." *Id.* Other users, who are referred to as "peers," then access the Internet and request the file. *Id.* These users engage each other in a group, referred to as a "swarm," and begin downloading the seed file. *Id.* As each peer receives portions of the seed, that peer makes those portions available to other peers in the swarm. *Id.*

1  infringer was last successfully connected to via the P2P network with respect to the infringer's
2  computer's downloading and/or uploading the accused file to the Internet, (d) the IP address
3  assigned to the infringer's computer, (e) the P2P software application used by the infringer and
4  the port number used by the infringer's P2P software, (f) the size of the accused file, (g) the
5  percent of the file downloaded by CEG from the infringer's computer, (h) the percent of the
6  accused file on the infringer's computer which is available at that moment for copying by other
7  peers, and (i) any relevant transfer errors *Id.* ¶ 18. In addition, CEG uses available databases to
8  record the name of the ISP having control of the IP address and the state (and often the city or
9  county) associated with that IP address. *Id.*

10 **C.    Whether Plaintiff's Suit Against Defendants Could Withstand a Motion to Dismiss**
11         Under the third factor, the inquiry shifts to the substance of Plaintiff's claims and
12 analyzes whether Plaintiff's Complaint would likely survive a motion to dismiss *See Columbia*
13 *Ins. Co.*, 185 F.R.D. at 579. In its Complaint, Plaintiff has asserted a federal copyright
14 infringement claim. To state a claim for copyright infringement, Plaintiff must establish: (1)
15 ownership of a valid copyright, and (2) copying of constituent elements of the copyrighted work
16 that are original. *Rice v. Fox Broad. Corp.*, 330 F.3d 1170, 1174 (9th Cir. 2003) (citing *Feist*
17 *Publ'n, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). "To be liable for direct
18 infringement, one must 'actively engage in' and 'directly cause' the copying." *Online Policy*
19 *Group v. Diebold, Inc.*, 337 F. Supp. 2d 1195, 1199 (N.D. Cal. 2004). Reviewing Plaintiff's
20 Complaint, Plaintiff has adequately alleged that *Real Female Orgasms 10* is the subject of a valid
21 Certificate of Registration issued by the United States Copyright Office and that Plaintiff is the
22 exclusive rightsholder of the distribution and reproduction rights of *Real Female Orgasms 10*.
23 Compl. ¶¶ 7, 8. Plaintiff has also alleged that the Defendants reproduced and distributed *Real*
24 *Female Orgasms 10* via BitTorrent to numerous third parties. Compl. ¶¶ 10-12. Additionally,
25 Plaintiff has alleged that Defendants actively engaged in or directly caused the copying by
26 completing each of the steps in the BitTorrent file-sharing protocol, including intentionally
27 downloading a torrent file particular to *Real Female Orgasms 10*, loading that torrent file into the
28 BitTorrent client, entering a BitTorrent swarm particular to *Real Female Orgasms 10*, and

1  ultimately, downloading and uploading pieces of a *Real Female Orgasms 10* file to eventually
2  obtain a whole copy of the file. *Id.* Based on these allegations, the Court finds that Plaintiff has
3  pled a *prima facie* case of copyright infringement and set forth sufficient supporting facts to
4  survive a motion to dismiss.
5  D.    **Whether there is a Reasonable Likelihood of Being Able to Identify Defendants**
6         The fourth factor examines whether Plaintiff has demonstrated that there is a reasonable
7  likelihood that the discovery it requests will lead to the identification of Defendants such that it
8  may effect service of process. *See Columbia Ins.*, 185 F.R.D. at 580. As indicated above,
9  Plaintiff contends that the key to locating the Defendants is through the IP addresses associated
10 with the alleged activity on BitTorrent. Specifically, Plaintiff contends that because ISPs assign a
11 unique IP address to each subscriber and retain subscriber activity records regarding the IP
12 addresses assigned, the information sought in the subpoena will enable Plaintiff to serve
13 Defendants and proceed with this case. *See* Pl.'s App. at 6; Nicolini Decl. ¶¶ 19-20. Taking this
14 into account, the Court finds that Plaintiff has made a sufficient showing as to this factor.
15 E.    **Summary**
16        Taking the foregoing factors into consideration, the Court finds that Plaintiff has
17 demonstrated that good cause exists to grant it leave to conduct early discovery. Moreover, the
18 Court finds that the expedited discovery sought furthers the interests of justice and presents
19 minimal inconvenience to the ISPs to which the subpoenas are directed. Thus, the expedited
20 discovery is in
21 line with Rule 26(d).
22 F.    **Joinder of 2,590 Defendants**
23        Having found that expedited discovery is appropriate, the question becomes whether the
24 discovery sought is proper as to all 2,590 Defendants. Anticipating this question, Plaintiff
25 presents a lengthy discussion in its Application as to why its decision to name join 2,590
26 Defendants is justified under Rule 20. *See* Pl.'s App. at 11-19. Under Rule 20, defendants may
27 be joined in one action when claims arise from the same transaction or occurrence or series of
28 transactions or occurrences, and any question of law or fact in the action is common to all

defendants. Fed. R. Civ. P. 20(a)(2). The permissive joinder rule "is to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." *League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1997). The purpose of Rule 20(a) is to address the "broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966). Rule 20(a) imposes two specific requisites to the joinder of parties: (1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence, and (2) some question of law or fact common to all the parties must arise in the action. Fed. R. Civ. P. 20(a). Both of these requirements must be satisfied in order to justify party joinder under Rule 20(a). *Id.* In situations of misjoinder of parties, Rule 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party."

    1.    <u>Same Transaction, Occurrence, or Series of Transactions or Occurrences</u>

"The Ninth Circuit has interpreted the phrase 'same transaction, occurrence, or series of transactions or occurrences' to require a degree of factual commonality underlying the claims." *Bravado Int'l Group Merchandising Servs. v. Cha*, 2010 WL 2650432, at *4 (C.D. Cal. June 30, 2010) (citing *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997)). Typically, this means that a party "must assert rights . . . that arise from related activities-a transaction or an occurrence or a series thereof." *Id.* (citation omitted). Recently, courts in this District – as well as several other federal districts – have come to varying decisions about the proprietary of joining multiple defendants in BitTorrent infringement cases. *See MCGIP, LLC v. Does 1-149*, 2011 WL 3607666, at 3 (N.D. Cal. Aug. 15, 2011) (listing a sample of recent decisions). This Court has carefully reviewed such decisions and notes that they are highly dependent on the information the plaintiff presented regarding the nature of the BitTorrent file-sharing protocol and the specificity of the allegations regarding the Doe defendants' alleged infringement of the protected work. Both of these factors guide the Court's joinder analysis in this matter as well. Reviewing Plaintiff's Application and supporting materials, Plaintiff has provided a fairly detailed

1  explanation about how the BitTorrent protocol operates. *See* Nicolini Decl. ¶¶ 6, 7, 22. Mr.
2  Nicolini explains:

> P2P networks distribute infringing copies of motion pictures (and works in other forms such as music and books) with file sharing software such as BitTorrent as follows: The process begins with one user accessing the Internet through an Internet Service Provider ("ISP") and intentionally making a digital file of the work available on the Internet to the public from his or her computer. This first file is often referred to as the first "seed." I will refer to the person making this seed available as the "original seeder." Persons seeking to download such a work also access the Internet through an ISP (which may or may not be the same ISP as used by the original seeder) and seek out the work on a P2P network. With the availability of the seed, other users, who are referred to as "peers," access the Internet and request the file (by searching for its title or even searching for the torrent's "hash" - described below) and engage the original seeder and/or each other in a group, sometimes referred to as a "swarm," and begin downloading the seed file. In turn, as each peer receives portions of the seed, most often that peer makes those portions available to other peers in the swarm. Therefore, each peer in the swarm is at least copying and is usually distributing, as a follow-on seeder, copyrighted material at the same time. Of the over 20,000 infringers tracked in connection with several cases currently pending, at least 95% of the Doe defendants were uploading (i.e., distributing) illegal copies of our clients' motion pictures at the moment indicated by the Timestamp in the respective Exhibit A appended to each complaint, which is also true for this case. In P2P networks, the infringement may continue even after the original seeder has gone completely offline. Any BitTorrent client may be used to join a swarm. As more peers join a swarm at any one instant, they obtain the content at even greater speeds because of the increasing number of peers simultaneously offering the content as seeders themselves for unlawful distribution. As time goes on, the size of the swarm varies, yet it may endure for a long period, with some swarms enduring for 6 months to well over a year depending on the popularity of a particular motion picture.

Nicolini Decl. ¶ 6. Based on this information, the Court finds that Plaintiff has at least presented a reasonable basis to argue that the BitTorrent protocol functions in such a way that peers in a single swarm downloading or uploading a piece of the same seed file may fall within the definition of "same transaction, occurrence, or series of transactions or occurrences" for purposes of Rule 20(a)(1)(A).

Further, the Court finds that Plaintiff has provided enough specificity to make a preliminary determination that the 2,590 Doe Defendants here were part of the same swarm. Reviewing Exhibit A to Plaintiff's Complaint, Defendants' alleged infringing activity occurred over a period of over nine months, from May 19, 2010 through June 2, 2011. *See* Compl, Ex. A. While this period might seem protracted, with respect to any particular swarm, the hash (an alphanumeric representation of a digital file) associated with the copied file's torrent file remains

1  the same within that swarm. Nicolini Decl. ¶ 6. For each of the 2,590 Doe Defendants, Plaintiff
2  has provided an identical hash. Compl, Ex. A. Based on these allegations, Plaintiff's claims
3  against the Doe Defendants appear logically related. Each putative Defendant is a possible
4  source for Plaintiff's copyrighted work, and may be responsible for distributing the work to the
5  other putative Defendants, who are also using the same file-sharing protocol to copy the identical
6  copyrighted material. *See Disparte v. Corporate Executive Bd.*, 223 F.R.D. 7, 10 (D.D.C. 2004)
7  (to satisfy Rule 20(a)(2)(A) claims must be "logically related" and this test is "flexible."). While
8  the Doe Defendants may be able to rebut these allegations later, the plaintiffs have sufficiently
9  alleged that their claims against the defendants potentially stem from the same transaction or
10 occurrence, and are logically related. *See Arista Records LLC v. Does 1-19*, 551 F. Supp.2d 1,
11 11 (D.D.C.) ("While the Court notes that the remedy for improper joinder is severance and not
12 dismissal, . . . the Court also finds that this inquiry is premature without first knowing
13 Defendants' identities and the actual facts and circumstances associated with Defendants'
14 conduct."). Plaintiff has made a preliminary showing that these Defendants were present in the
15 same *Real Female Orgasms 10* swarm on BitTorrent and shared pieces of the same seed file
16 containing *Real Female Orgasms 10*.
17     2.    <u>Question of Law or Fact Common to All Defendants</u>
18     Rule 20(a)(2)(B) requires Plaintiff's claims against the putative Doe Defendants to
19 contain a common question of law or fact. Here, Plaintiff will have to establish against each
20 Defendant the same legal claims concerning the validity of the copyright in *Real Female*
21 *Orgasms 10* and the infringement of the exclusive rights reserved to Plaintiff as copyright holder.
22 Furthermore, Plaintiff alleges that the Defendants utilized the same BitTorrent file-sharing
23 protocol to illegally distribute and download *Real Female Orgasms 10* and, consequently, factual
24 issues related to how BitTorrent works and the methods used by Plaintiff to investigate, uncover,
25 and collect evidence about the infringing activity will be essentially identical for each Defendant.
26 *See Call of the Wild Movie, LLC v. Does 1-1062*, 770 F. Supp. 2d 332, 343 (D.D.C. 2011). The
27 Court recognizes that each putative defendant may later present different factual and substantive
28 legal defenses "but that does not defeat, at this stage of the proceedings, the commonality in facts

(Proposed) Amended Order Granting Plaintiff's Ex Parte     9
Application for Leave to Take Limited Expedited Discovery-Case No. CV 11-2766 MEJ

Attachment B - Page 9 of 12

Case: 3:11-mc-00094-DAK Doc #: 1-1 Filed: 10/21/11 13 of 17. PageID #: 24
/27/2011 12:42 p  TO:+1 (419) 7247074  FROM:3106845771  Page: 14

Case3:11-cv-02766-MEJ Document12 Filed09/22/11 Page10 of 12

and legal claims that support joinder under Rule 20(a)(2)(B).'*Id.*

3. <u>Prejudice to Any Party or Needless Delay</u>

Finally, the Court assesses whether joinder would prejudice the parties or result in needless delay. Joinder in a single case of the putative defendants who allegedly infringed the same copyrighted material promotes judicial efficiency and, in fact, is beneficial to the putative defendants. *Id.* at 344; *London–Sire Records, Inc. v. Doe 1*, 542 F. Supp. 2d 153, 161 (D. Mass. 2008) (court consolidated separate Doe lawsuits for copyright infringement since the "cases involve similar, even virtually identical, issues of law and fact: the alleged use of peer-to-peer software to share copyrighted sound recordings and the discovery of defendants' identities through the use of a Rule 45 subpoena to their internet service provider. Consolidating the cases ensures administrative efficiency for the Court, the plaintiffs, and the ISP, and allows the defendants to see the defenses, if any, that other John Does have raised.").

Here, Plaintiff is currently obtaining identifying information from ISPs so that they can properly name and serve the defendants. If the Court were to consider severance at this juncture, Plaintiff would face significant obstacles in its efforts to protect its copyright from illegal file-sharers and this would only needlessly delay the case. Plaintiff would be forced to file 2,590 separate lawsuits, in which it would then move to issue separate subpoenas to ISPs for each defendant's identifying information. Plaintiff would additionally be forced to pay the Court separate filing fees in each of these cases, which would further limit its ability to protect its legal rights. "This would certainly not be in the 'interests of convenience and judicial economy,' or 'secure a just, speedy, and inexpensive determination of the action.'" *Call of the Wild*, 770 F. Supp. 2d at 334 (citation omitted) (declining to sever defendants where parties joined promotes more efficient case management and discovery and no party prejudiced by joinder).

Further, the Doe Defendants are currently identified only by their IP addresses and are not named parties. Consequently, they are not required to respond to Plaintiff's allegations or assert a defense. The defendants may be able to demonstrate prejudice once Plaintiff proceeds with its case against them, but they cannot demonstrate any harm that is occurring to them before that time. *Id.*

Thus, the Court finds that, at this preliminary stage, Plaintiff has met the requirements of permissive joinder under Rule 20(a)(2). The putative defendants are not prejudiced but likely benefitted by joinder, and severance would debilitate Plaintiff's efforts to protect its copyrighted material and seek redress from the Doe Defendants who have allegedly engaged in infringing activity. To be fair, the Court recognizes that the questions of joinder and severance must be deferred until after discovery has been authorized and any motions to quash filed. The Court is also cognizant of the logistical and administrative challenges of managing a case with numerous putative defendants, a number of whom may seek to file papers pro se. However, severing the putative defendants at this early stage is no solution to ease the administrative burden of the cases. The Court therefore declines to sever the Doe Defendants at this time.

## V. CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's Ex Parte Application for Expedited Discovery (Dkt. No. 5) as follows:

1. IT IS HEREBY ORDERED that Plaintiff is allowed to serve immediate discovery on Does 1-2,590's ISPs listed in Exhibit A to the Complaint by serving a Rule 45 subpoena that seeks information sufficient to identify the Doe Defendants, including the name, address, telephone number, and email address of Does 1-2,590. Plaintiff's counsel shall issue the subpoena and attach a copy of this Order.

2. IT IS FURTHER ORDERED that the ISP will have 30 days from the date of service upon them to serve Does 1-2,590 with a copy of the subpoena and a copy of this Order. The ISP may serve the Doe Defendants using any reasonable means, including written notice sent to his or her last known address, transmitted either by first-class mail or via overnight service.

3. IT IS FURTHER ORDERED that Does 1-2,590 shall have 30 days from the date of service to file any motions in this Court contesting the subpoena (including a motion to quash or modify the subpoena). If that 30-day period lapses without Does 1-2,590 contesting the subpoena, the ISP shall have 10 days to produce the information responsive to the subpoena to Plaintiff.

4. IT IS FURTHER ORDERED that the subpoenaed entity shall preserve any subpoenaed information pending the resolution of any timely-filed motion to quash.

(Proposed) Amended Order Granting Plaintiff's Ex Parte
Application for Leave to Take Limited Expedited Discovery-Case No. CV 11-2766 MEJ

11

Attachment B - Page 11 of 12

5. IT IS FURTHER ORDERED that the ISP that receives a subpoena pursuant to this order shall confer with Plaintiff and shall not assess any charge in advance of providing the information requested in the subpoena. The ISP that receives a subpoena and elects to charge for the costs of production shall provide a billing summary and cost reports that serve as a basis for such billing summary and any costs claimed by the ISP.

6. IT IS FURTHER ORDERED that Plaintiff shall serve a copy of this order along with any subpoenas issued pursuant to this order to the necessary entities.

7. IT IS FURTHER ORDERED that any information disclosed to Plaintiff in response to a Rule 45 subpoena may be used by Plaintiff solely for the purpose of protecting Plaintiff's rights as set forth in its complaint.

8. IT IS FURTHER ORDERED that subpoenas authorized by this Order and issued pursuant thereto shall be deemed appropriate court orders under 47 U.S.C. §551. In particular, 47 U.S.C. § 551(c)(2)(B) provides as follows:

> "(c) Disclosure of personally identifiable information
> ***
> "(2) A cable operator may disclose such information if the disclosure is—
> ***
> "(B) subject to subsection (h) [relating to disclosures to governmental agencies] of this section, made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed . . . ."

This Order is an order authorizing such disclosure.

**IT IS SO ORDERED.**

Dated: September 22, 2011

_____
Maria-Elena James
Chief United States Magistrate Judge

(Proposed) Amended Order Granting Plaintiff's Ex Parte Application for Leave to Take Limited Expedited Discovery-Case No. CV 11-2766 MEJ — 12

Attachment B - Page 12 of 12

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. CV-11-2766-MEJ

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*   Custodian of Records

was received by me on *(date)* September 27, 2011

☑ I served the subpoena by delivering a copy to the named person as follows:
Custodian of Records via Fax (419-724-7074)
on *(date)* September 27, 2011 ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$   0.00   .

My fees are $   0.00   for travel and $   0.00   for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date:   September 27, 2011

_____
*Server's signature*

K. Reed, Service Agent
*Printed name and title*

8484 Wilshire Boulevard, Suite 220, Beverly Hills, CA 90211
*Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

### Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).